IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICHOLAS MILLS,                          :
                                         :
        Plaintiff,                       :
                                         :
    v.                                   :   CIVIL ACTION NO.
                                         :   1:07-CV-0407-JOF
KEYSTONE LINES CORP., et al.,            :
                                         :
        Defendants.                      :

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion to remand [5-1] and Defendants John Cheeseman Trucking, Inc., Thomas Mathewson's motion for summary judgment [30-1]; and Plaintiff's motion to strike Defendant Wallace Guyton's answer [57-1].

Plaintiff, Nicholas Mills, filed suit against Defendants, Keystone Lines Corp., American Inter Fidelity Exchange, Wallace Guyton, John Cheeseman Trucking, Inc., Protective Insurance Agency, Ltd., and Thomas Mathewson, on October 13, 2006, in the Superior Court of DeKalb County. Defendants removed the suit to this court on February 16, 2007, asserting diversity jurisdiction. Plaintiff filed the instant motion to remand arguing that the amount in controversy does not exceed $75,000. (On April 30, 2007, the Clerk of the Court dismissed Defendant Protective Insurance Agency, Ltd., from the case based on a joint stipulation of dismissal filed by the parties. On July 31, 2007, the

parties stipulated as to the dismissal with prejudice of John Cheeseman Trucking, Inc., and Thomas Mathewson.)

In his complaint, Plaintiff alleges that he was injured during a traffic accident that took place in Henry County on October 25, 2004. Plaintiff was driving a Ford Aerostar in the center lane of southbound I-75 while Defendant Mathewson, an employee of Defendant Cheeseman Trucking, was driving a tractor-trailer directly in front of Plaintiff. Defendant Guyton, an employee of Defendant Keystone Lines, was driving a tractor-trailer directly in front of Defendant Mathewson. Defendant Guyton's tractor-trailer jack-knifed and came to a complete stop. Defendant Mathewson rear-ended Defendant Guyton, and Plaintiff collided with the two. *See* Cmplt., ¶¶ 34-39.

Plaintiff alleges he suffers "severe mental and physical pain and suffering; a loss of enjoyment of life; and, lost earnings." *Id.*, ¶¶ 48, 59. He has incurred medical expenses in excess of $20,000. *Id.*, ¶¶ 49, 61. He will continue to incur and require reasonable and necessary medical expenses in the future due to the severe, permanent, painful, and disabling nature of his injuries. *Id.*

In their notice of removal, Defendants aver:

The plaintiff, in his complaint, claims medical expenses in excess of $20,000, serious, permanent, painful and disabling injuries requiring hospitalization and extensive medical care and treatment, severe mental and physical pain and suffering, loss of enjoyment of life, past and future lost earnings, necessary medical expenses in the future due to severe, permanent, painful, and disabling injuries, and past, present, and future emotional and physical

2

pain and suffering. Therefore, the defendants reasonably believe the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

*See* Notice of Removal, ¶ 9.

In response to Plaintiff's motion to remand, Defendants proffered the testimony of Plaintiff at a state court criminal bench trial against all three drivers. In it, Plaintiff testifies that he had to be pulled out of his minivan by the fire and ambulance crew and he was then life-flighted to the Atlanta Medical Center. *See* Transcript, at 43. He suffered a damaged nerve in his left wrist, narrowed vertical column, sliced his bottom lip in half requiring fifteen stitches, and broke two teeth. *Id.* Defendants also attach to their response an annual mortality table showing that at age 24, Plaintiff would have a life expectancy of an additional 50.37 years. Defendants, thus, aver that Plaintiff's damages would exceed $75,000.

The court is aware of recent jurisprudence in the Eleventh Circuit addressing the manner in which parties must demonstrate that the amount in controversy exceeds or does not exceed the jurisdictional requirement. *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1194, 1209 (11th Cir. 2007); *Miedeme v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006); and *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001).

In circumstances such as those here, however, the court finds the preferred course of action in order to protect a defendant's right to remove a complaint in which the relief

3

sought exceeds the jurisdictional amount in controversy, and to prevent the plaintiff from taking one position in an effort to defeat a defendant's statutory right of removal and then another position in an effort to maximize his recovery at trial, is to grant Plaintiff's motion to remand but find that Plaintiff is judicially estopped from seeking damages greater than $75,000 in state court unless the state court judge determines that circumstances have changed. To do otherwise would be tantamount to permitting the perpetration of a fraud upon this court.

The court GRANTS Plaintiff's motion to remand [5-1], DENIES WITH LEAVE TO RENEW Defendants John Cheeseman Trucking, Inc., and Thomas Mathewson's motion for summary judgment [30-1], and DENIES WITH LEAVE TO RENEW Plaintiff's motion to strike Defendant Wallace Guyton's answer [57-1].

The Clerk of the Court is DIRECTED to REMAND this case to the Superior Court of DeKalb County.

**IT IS SO ORDERED** this 31st day of October 2007.

                                              s/ J. Owen Forrester
                                              J. OWEN FORRESTER
                       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)